IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIM. NO. 1:08cr749 (GLS)** |
| v. | |
| **THOMAS J. SPARGO** | |
| **Defendant.** | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR A BILL OF PARTICULARS**

The United States of America, through counsel, respectfully submits its response to Defendant Thomas J. Spargo's Motion for a Bill of Particulars ("Motion"). (Docket No. 25, Att. # 2).[1] The indictment charges defendant with simple attempted extortion and attempted bribery in connection with one victim and one course of conduct in 2003. The indictment gives notice of the charges in plain and straightforward detail, thereby enabling defendant to prepare his defense, to avoid unfair surprise at trial, and, if it becomes necessary, to interpose a double jeopardy defense to subsequent charges. Moreover, defendant has received extensive discovery of further, detailed information concerning the nature of the charges and the evidence supporting each offense. Accordingly, no bill of particulars is necessary in this case. See, e.g., United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987).

The purpose of a bill of particulars is to permit a defendant to identify with sufficient particularity the nature of the charges pending against him, thereby enabling him to prepare for

---

[1] Assuming the Court expanded the time for this Motion under Fed. R. Crim. P. 7(f) by its pretrial orders, the motion is timely; to the extent that the Court did not intend to do so, the motion is untimely.

trial, prevent himself from being unfairly surprised, and, if necessary, prepare a claim of double jeopardy in the event he is later prosecuted a second time for the same offense. See United States v. Glaze, 313 F.2d 757, 759 (2d Cir. 1963). "The decision of whether or not to grant a bill of particulars rests within the sound discretion of the district court. Generally, if the information sought by defendant is provided in the indictment or in some acceptable alternate form, no bill of particulars is required" United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987) (internal citation omitted). "[T]he government is not required to provide information that would, in effect, provide the defendant before trial with a preview of the government's case, lest the defendant tailor his own testimony to explain away the government's case." United States v. Perez, 940 F. Supp. 540, 551 (S.D.N.Y. 1996).

The government has long ago provided the defendant with extensive discovery, most of which he had years before that in his disciplinary proceedings. Quite simply, the answers to his purported questions about the case are apparent from the materials he has in his possession. On those grounds alone, the Court can and should deny the Motion. Nevertheless, and in the alternative, the government responds in detail below.

### A. Count One (Attempted Extortion)

1. Defendant purportedly seeks to know the "[t]he identity of the individual characterized in Count One of the Indictment as 'to others' ('Defendant solicited and, directly and through others, pressured')." Def.'s Mot. at 1. As shown in discovery, those known persons through whom defendant pressured Blatchly are Sanford Rosenblum and Cathryn Doyle.

2.      Defendant purportedly seeks to know the identity of "the 'others known' who aided and abetted Thomas J. Spargo." Id.  The persons are Sanford Rosenblum and Cathryn Doyle.

3.      Defendant seeks to know "the basis or bases for the interstate commerce jurisdictional predicate." Id.  The government, however, is not obligated to "preview its case or expose its legal theory," United States v. LaMorte, 744 F. Supp. 573, 577 (S.D.N.Y. 1990); nor must it disclose the precise manner in which the crime is alleged to have been committed, see United States v. Andrews, 381 F.2d 377, 377-78 (2d Cir. 1967).  Indeed, courts routinely deny motions requiring the government to specify relevant facts regarding its interstate commerce theory and proof.  See, e.g., United States v. Ramire, 400 F. Supp. 2d 627, 633-34 (S.D.N.Y. 2005) (denying a defendant's motion for a bill of particulars requiring the government to specify all relevant facts related to the element of interstate commerce); United States v. Williams, 679 F.2d 504, 509-10 (5th Cir. 1982) (upholding district court's refusal to grant bill of particulars, because the government's discovery documents and stipulations sufficiently apprised the defendant of the facts which would establish the interstate commerce element).

Moreover, to require the government to specify in a bill of particulars how it intends to prove elements of each offense would create serious potential problems at trial.  "...[A] bill of particulars, like the indictment, is designed to define and limit the government's case.  As with the indictment, there can be no variance between the notice given in a bill of particulars and the evidence at trial." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985).  Answering questions like those posed by Defendant would effectively freeze the government's case.  There

is no reason to invite that problem since the answers Defendant seeks are already available to him in the discovery materials.

That said, the Second Circuit recognizes five ways in which the interstate commerce element of an attempted extortion count may be satisfied.  See United States v. Perotta, 313 F.3d 33, 38 (2d Cir. 2002) (outlining five independently sufficient ways in which to prove affect on interstate commerce).  Three of those ways lend themselves to the facts in the government's case, any one of which is independently sufficient to support a finding that Defendant's attempted extortion had the required potential for a *de minimis* affect on interstate commerce.  Those three ways include (1) "that the harm or potential harm to the individual would deplete the assets of a company engaged in interstate commerce;" (2) "that the victim directly participated in interstate commerce;" and (3) "that the crime targeted the assets of a business rather than an individual."  Perotta at 38.  Indeed, in an earlier pleading, the government offered some insight into how the first of these theories (the depletion of assets theory) would be proven.  We explained:

> One element which the government must establish to prove a violation of 18 U.S.C. § 1951 is that the payment sought by Defendant had a potential affect on interstate commerce.  To satisfy this element, the government will use a depletion-of-assets theory.  In other words, we will show at trial that (1) Blatchly would have used a business account for the $10,000 payment to Defendant; and (2) that Blatchly's business account was otherwise used to buy goods that traveled in interstate commerce (such as computers, printers, and Westlaw legal research services).

Govt.'s Mot. (Jan. 21, 2009) at 6 n.2.  Moreover, the discovery materials produced by the government further provide Defendant with facts which would establish the interstate commerce effects of Defendant's conduct.  Because further particularization would amount to an improper

4

form of discovery of the government's theory of the case, defendant is not entitled to a bill of particulars.

       4.     Defendant seeks to know "how the conduct alleged obstructed commerce." Def.'s Mot. at 1. For the reasons explained in subparagraph A3, Defendant is not entitled to a bill of particulars.

       5.     Defendant seeks to know "how the conduct alleged delayed commerce." Id. For the reasons explained in subparagraph A3, Defendant is not entitled to a bill of particulars.

       6.     Defendant seeks to know "how the conduct alleged affected commerce." Id. For the reasons explained in subparagraph A3, Defendant is not entitled to a bill of particulars.

       7.     Defendant purportedly seeks to know the identity of "the Ulster County attorney practicing before him." Id. That attorney is Bruce Blatchly.

    **B.**    **Count Two (Attempted Bribery)**

       1.     Defendant seeks to know the identity of "those who 'aided and abetted' the defendant." Id. at 2. The known persons are Sanford Rosenblum and Cathryn Doyle.

       2.     Defendant seeks to know "what official action and influence was to benefit the Ulster County attorney practicing before him." Id. Defendant is not entitled to this information in the form of a bill of particulars. As one district court put it,

> [In a bribery count] the government need not allege the official acts and decisions which the receipt of money actually influenced, for the gravamen of the offense . . . is the solicitation or acceptance of a bribe, not the delivery of its quid pro quo . . . Such a particularization would amount to 'wholesale discovery' of the government's evidence and lies beyond the scope of Fed. R. Crim. P. 7(f).

United States v. Joseph, 510 F. Supp. 1001, 1005-06 (D.C. Pa. 1981).  Count Two of the indictment explains, in sufficient detail, the official acts implicated in Defendant's criminal conduct.  It states that Defendant corruptly solicited and demanded $10,000 from an Ulster County attorney, who practiced before him, "for the use of [Defendant's] official actions and influence to the benefit of [that Ulster County attorney], and for refraining from the use of his official actions and influence to harm that [] attorney[.]"  Indictment at 2.  Again, all discovery materials have been produced by the government, including at this early date all memoranda reflecting interviews with Bruce Blatchly and other government witnesses, with the exception of a few recently conducted interviews which were only recently memorialized.  These materials apprise Defendant of the official actions and other individuals implicated in Count Two.  Because further particularization would essentially provide Defendant with an improper preview of the government's case, and, most importantly, would risk prematurely freezing the government's case prior to trial, Defendant is not entitled to a bill of particulars.

       3.     Defendant purports to seek the identity of "the Ulster County attorney."  Def.'s Mot. at 2.  That attorney is Bruce Blatchly.

       4.     Defendant seeks to know "the official actions and influence which the defendant was refraining from use to harm that Ulster County attorney ('for refraining from the use of his official actions and influence to harm that Ulster County attorney.')."  Id.  For the reasons discussed in subparagraphs A3 and B2, Defendant is not entitled to a bill of particulars.

The indictment is sufficient on its face to meet every purpose of a bill of particulars.  Further, the government has provided extensive discovery and has addressed several of

defendant's purported questions. Accordingly, the defendant's motion for a bill of particulars should be denied.

Date: June 5, 2009

Respectfully submitted,

WILLIAM M. WELCH II
Chief, Public Integrity Section
Criminal Division, United States Department of Justice

By:    /s/ M. Kendall Day
Richard C. Pilger
Senior Trial Attorney
M. Kendall Day
Trial Attorney

## CERTIFICATE OF SERVICE

      I, M. Kendall Day, certify that on June 5, 2009, electronic notice of the instant filing was served on the following persons via the CM-ECF system:

E. Stewart Jones, Jr., Esq.
bessetca@esjlaw.com
youngtr@esjlaw.com