IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>THOMAS J. SPARGO<br><br>Defendant. | CRIM. NO. 1:08cr749 (GLS) |

GOVERNMENT'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS INDICTMENT

Comes now the United States of America, through counsel, and responds in opposition to the Motion to Dismiss the Indictment ("Motion") filed by defendant Thomas J. Spargo on May 8, 2009. Dkt. No. 25. Defendant improperly seeks to challenge the facial validity of the indictment and the sufficiency of the evidence, and the government accordingly submits that his motion should be denied.

On December 10, 2008, the Grand Jury indicted defendant on one count of attempted extortion in violation of 18 U.S.C. § 1951, and one count of attempted bribery in violation of 18 U.S.C. § 666. The defendant's cursory theory to demand the extraordinary remedy of dismissing a criminal case assumes that the evidence was and will be insufficient to show federal jurisdiction under the charged statutes, Motion at 1-2 (§ 1951) & 4 (§ 666), and that government's proof was and is insufficient on the *quid pro quo* element of Hobbs Act extortion under color of official right. Motion at 3 (§ 1951). He makes no argument in the present Motion that the indictment is facially invalid or that the grand jury was biased by, for example, racial discrimination in its composition. See generally United States v. Stavroulakis, 952 F.2d 686, 693 (2d Cir. 1992) ("An indictment is sufficient when it charges a crime with sufficient precision

to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events."); United States v. Pirro, 212 F.3d 86, 92 (2d Cir.2000) ("We have consistently upheld indictments that do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.") (internal quotations and citations omitted).[1]

Because the defendant's sufficiency of the evidence theories are patently inapplicable to take this case away from the Court and from the petit jury, there is no need to detain the Court

---

[1]The indictment charges:

    1.    From on or about November 13, 2003, to on or about December 19, 2003, in the Northern District of New York defendant THOMAS J. SPARGO, aided and abetted by others known and unknown to the Grand Jury, did knowingly attempt to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, Section 1951; that is, defendant Thomas J. SPARGO, while a Supreme Court Justice of the Third Judicial District of the State of New York, engaged in a course of conduct whereby defendant SPARGO solicited and, directly and through others, pressured an Ulster County attorney practicing before him (the "Attorney") to consent to give $10,000 for the benefit of defendant SPARGO, all under color of official right and induced by fear of economic harm, all in violation of Title 18, United States Code, Section 1951.

    2.    From on or about November 13, 2003, to on or about December 18, 2003, in the Northern District of New York, defendant THOMAS J. SPARGO, being a Supreme Court Justice of the Third Judicial District of New York State, a State government agency that received benefits in excess of $10,000 under federal programs and assistance from January 1, 2003, to December 31, 2003, aided and abetted by others known and unknown to the Grand Jury, corruptly solicited and demanded, for his own benefit, a thing of value, that is $10,000, intending to be influenced and rewarded in connection with business, transactions, and a series of transactions of the Third Judicial District of New York State involving a thing of value of $5,000 or more, that is, for the use of his official actions and influence to the benefit of an Ulster County attorney practicing before him, and for refraining from the use of his official actions and influence to harm that Ulster County attorney, all in violation of Title 18, United States Code, Section 666(a)(1)(B).

with any pre-trial review of either the grand jury transcripts or the evidence provided in discovery.  While these would show beyond any colorable dispute that defendant's motion is not merely speculative, but flatly wrong as a matter of fact, the law controlling this motion is dispositive.

Specifically, it is well-settled that "an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence."  United States v. Calandra, 414 U.S. 338, 345 (1974).  Further, "An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits."  United States v. Costello, 350 U.S. 359, 363 (1956); United States v. Casamento, 887 F.2d 1141, 1182 (2d Cir. 1989) ("An indictment, if valid on its face, may not be challenged on the ground that it is based on inadequate evidence.").  Moreover, even assuming there were some error of sufficiency or procedure in the grand jury – which there was not – a Court and petit jury's review of the trial evidence cures all errors short of racial discrimination in the selection of the grand jurors, such that pretrial dismissal here is neither necessary nor appropriate.  Cf. United States v. Mechanik, 475 U.S. 66 (1986)(assumed procedural errors harmless after guilty verdict).

Additionally, Rule 12(b)(2) of the Federal Rules of Criminal Procedure provides that a trial court may consider "any defense, objection, or request that" is capable of determination "without a trial on the general issue." Fed. R. Crim. P. 12(b)(2).  The "general issue" in a criminal trial, however, is "whether the defendant is guilty of the offense charged."  United States v. Doe, 63 F.3d 121, 125 (2d Cir. 1995).  Thus, the courts generally hold it inappropriate to resolve by pre-trial motion questions of fact pertaining to guilt or innocense.  See United

States v. Alfonso, 143 F.3d 772, 776-77 (2d Cir. 1998)(government not required to specify the exact nature of the effect on interstate commerce in Hobbs Act indictment); United States v. DeLaurentis, 230 F.3d 659, 660-61 (3d Cir. 2000) (unless stipulated record, pretrial motion to dismiss indictment for insufficient evidence is inappropriate); United States v. Massino, 605 F. Supp. 1565, 1581 (S.D.N.Y. 1985) ("A motion to dismiss for insufficient evidence can be decided only at trial, after the government has been put to its test, not before trial, based merely on assumptions of what the government's proof will be."), rev'd in part on other grounds, 784 F.2d 153 (2d Cir. 1986); United States v. Cafaro, 480 F. Supp. 511, 520 (S.D.N.Y. 1979) ("It would be premature to dismiss an indictment based on a claim of insufficient evidence . . . An indictment, valid on its face and returned by a properly constituted grand jury, is sufficient to require trial of the charge on the merits.").

     Accordingly, the Motion is meritless as a matter of law, and requires no further action by the Court. Solely in the alternative, the government stands ready to submit, under seal or as authorized by the Court, the grand jury long ago provided in discovery showing there is more than sufficient evidence to require a trial of this matter and to support conviction. The evidence showed and will show that the charged offense of Hobbs Act extortion had the potential to deplete the asset of the victim's legal practice, which did business in interstate commerce. Further, the evidence showed and will show the requisite federal funding element under Section 666. Moreover, the evidence explained in detail exactly how the defendant unsuccessfully extorted his victim for a *quid pro quo* payment to obtain official action in the victim's personal divorce case and in the victim's professional representation of clients in other cases, thus establishing a violation of the Hobbs Act, which requires simply that "the Government need only

show that a public official has [sought] a payment to which he was not entitled, knowing that the payment [would be] made in return for official acts." Evans v. United States, 504 U.S. 255, 268 (1992); see also United States v. Ganim, 510 F.3d 134, 145 (2d Cir. 2007)(Sotomayor, J.)("it is sufficient if the public official understands that he or she is expected as a result of the payment to exercise particular kinds of influence - i.e., on behalf of the payor - as specific opportunities arise")(internal quotations omitted).[2]

    Accordingly, defendant's motion should be denied.

Date: June 5, 2009.

                          Respectfully submitted,

                           WILLIAM M. WELCH II
                           Chief, Public Integrity Section
                           Criminal Division, United States Department of Justice

            By:     /s/ M. Kendall Day
                     Richard C. Pilger
                     Senior Trial Attorney
                     M. Kendall Day
                     Trial Attorney

---

[2] While the Court need not address it here, defendant incorrectly invokes the discussion of election campaign contributions in McCormick v. United States, 500 U.S. 257 (1991) seeking an incorrectly elevated standard of proof. This case does not involve campaign contributions.

CERTIFICATE OF SERVICE

      I, M. Kendall Day, certify that on June 5, 2009, electronic notice of the instant filing was served on the following persons via the CM-ECF system:

E. Stewart Jones, Jr., Esq.
bessetca@esjlaw.com
youngtr@esjlaw.com