UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

UNITED STATES OF AMERICA,        CRIMINAL NO. 08-749 (GLS)

      Plaintiff,

v.

THOMAS SPARGO,

      Defendant.
_____/

## UNITED STATES' MOTION IN LIMINE TO EXCLUDE

The United States, by its attorneys, Richard C. Pilger and M. Kendall Day, moves in limine to preclude evidence or argument to the jury regarding the following:

1. improper specific act character evidence of the defendant, including non-extortionate official acts;

2. an audio recording by a state investigator of Sanford Rosenblum, or its content;

3. purported selective, vindictive, or improper prosecution, including any suggestion that the defendant is being selectively prosecuted for his political affiliation;

4. improper character impeachment of Bruce Blatchly, including irrelevant and unfounded questioning of Blatchly's marriage to a widowed former client;

5. punishment that defendant might face if he is convicted; and

6. evidence or argument regarding the use a pen register that did not result in any evidence or investigative leads.

        Respectfully submitted,

        WILLIAM M. WELCH II
        CHIEF
        PUBLIC INTEGRITY SECTION

        s/ M. Kendall Day
        Richard C. Pilger, Senior Trial Attorney
        M. Kendall Day, Trial Attorney
        Public Integrity Section
        U.S. Department of Justice
        1400 New York Ave, NW Suite 12100
        Washington, DC 20005
        202-514-1412
        (F) 202-514-3003
        richard.pilger@usdoj.gov
        m.kendall.day@usdoj.gov

Date: July 27, 2009

# **MEMORANDUM OF LAW - TABLE OF CONTENTS**

I.    NON-EXTORTIONATE ACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   RECORDING OF SANFORD ROSENBLUM BY STATE INVESTIGATOR . . . . 2

III.  SELECTIVE, VINDICTIVE, OR IMPROPER PROSECUTION . . . . . . . . . . . . . . . 2

IV.  IMPROPER CHARACTER IMPEACHMENT OF BLATCHLY . . . . . . . . . . . . . . 4

V.   PUNISHMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

VI.  PEN REGISTER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**MEMORANDUM OF LAW IN SUPPORT OF**
**UNITED STATES' MOTION IN LIMINE**

**I.     NON-EXTORTIONATE ACTS**

The defendant has represented through counsel that he does not intend to introduce character evidence. Accordingly, with the following exception, the government forgoes certain related in limine arguments concerning the proper scope of and responses to such evidence.

The defendant might attempt to introduce evidence of his having dealt with attorneys and parties during which dealings he did not attempt to extort money. Such evidence is inadmissible as both irrelevant and as prohibited specific act evidence. For example, in United States v. De Peri, 778 F.2d 963 (3d Cir. 1985), members of the Philadelphia Police Department were indicted for conspiring to extort protection money from gambling operations and "numbers writers." A defendant claimed that the government's non-production of information about poker machine vendors who did not admit to being extorted violated the government's Brady obligations. The Third Circuit disagreed: "Evidence that not all vendors were extorted is irrelevant to the charge that defendants conspired to extort and did extort protection payments from certain vendors." Id. at 983-84. See also United States v. Grimm, 568 F.2d 1136, 1138 (5th Cir. 1978) ("Evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant").

Generalizing the irrelevance analysis exemplified by De Peri, Federal Rules of Evidence 405(a) and 608(b) prohibit inquiry into specific acts of good conduct. See also United States v. Russell, 703 F.2d 1243, 1249 (11th Cir. 1983) (trial court properly excluded evidence of specific, unrelated good acts through which defendant sought to establish that he was a "good county commissioner").

**II.     RECORDING OF SANFORD ROSENBLUM BY STATE INVESTIGATOR**

The defendant might attempt to reference a tape of Sanford Rosenblum made by a state investigator.  During the consensually monitored telephone call, Rosenblum apparently did not acknowledge facts at issue in the case.  Rosenblum, however, is not testifying.[1]  As such, there is no theory under which Rosenblum's out-of-court statements to a state investigator are admissible in Spargo's criminal trial.

In addition, Spargo cannot articulate any claim of prejudice by his inability to admit or reference the tape.  Although the investigator on the tape can be heard, Rosenblum's responses are almost entirely inaudible, meaning that a listener cannot even determine whether Rosenblum is making admissions in response to the less-than-perfect efforts of the state investigator.  See generally United States v. Bryant, 480 F.2d 785, 790 (2nd Cir. 1973)("Whether a recording is sufficiently audible to be probative is a matter within the sound discretion of the trial judge.").  Thus, in the alternative, should the Court recognize an evidentiary basis to admit the tape, the government requests a prior audibility review.

**III.    SELECTIVE, VINDICTIVE, OR IMPROPER PROSECUTION**

The defendant might attempt to argue or offer evidence that he was somehow selected for prosecution for a constitutionally impermissible reason, such as his political affiliation.  The argument could take many forms, such as innuendo regarding the party affiliation of the current elected government, or the presence of government counsel from Main Justice in Washington, DC, rather than the local U.S. Attorney's Office.  Similarly, the defendant could argue that the

---

[1] While the government notes the Court's concerns at the hearing of July 21, 2009, it appears that the issue of immunizing Rosenblum has been resolved by agreement of the parties.

jury should draw negative inferences about the motivation for a prosecution based on the timing of the indictment relative to the timing of the underlying conduct.

Regardless of the form it takes, such argument to the jury clearly is improper.  First, there would be no good-faith basis for a claim that this prosecution was undertaken for some improper reason or in some improper motive.  Moreover, a claim of selective, vindictive or otherwise improper prosecution is not a defense on the merits of the case.  Rather, it would be a legal argument that may be directed only to the Court and not to the jury.  United States v. Regan, 103 F.3d 1072, 1082 (2d Cir. 1997).  While Regan only explicitly addressed claims of selective prosecution, its reasoning applies equally to any claim that the prosecution itself is improper.  Evidence and argument that the prosecution is improper may only be raised in a pre-trial motion to dismiss the indictment.  See Fed.R.Cr.P. 12(b)(3)(a) (requiring a motion alleging a defect in instituting the prosecution to be raised before trial); see also United States v. Berrigan, 482 F.2d 171, 175 (3d Cir. 1973)("The Supreme Court has distinguished between the necessity for a jury determination when the question is the defendant's guilt or innocence, and those preliminary matters concerning the right of the court to conduct the trial.").  Indeed, any attempt by the defendant to impugn the decision to prosecute would be improper because those decisions are left to the discretion of the prosecutor.  See United States v. Armstrong, 517 U.S. 456, 464 (1996) ("so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion").

**IV.     IMPROPER CHARACTER IMPEACHMENT OF BLATCHLY**

During the administrative investigation by the New York State Commission on Judicial Ethics, defendant attempted to impeach Bruce Blatchly on an unfounded claim that Blatchly had acted unethically in marrying a former client.  When the Commission's referee sustained an objection to questions about Blatchly's relationship with this widowed former client, defense counsel argued, "I think it's relevant on the whole issue of ethics.  This is a lawyer involved with a client of his for whom he secured a substantial settlement.  I think that's inappropriate and unethical."  (SPG007-000107: 8-11).

Whether or not it was proper in an administrative proceeding to question Blatchly about whom he married and when, it would be patently improper to ask that question in front of the jury in this case.  Cross examination based on specific instances of conduct is governed by Fed. R. Evid. 608(b).  Rule 608(b) prohibits inquiry into specific instances of conduct unless an instance of conduct is probative of a witness's truthfulness or untruthfulness, and there is no evidence that Blatchly's marriage is even remotely related to that issue.  Even extremely serious crimes - such as unrelated murders - may not be inquired into where the crime is neither one of dishonesty nor one reflecting on the witness's truthfulness.  See United States v. Flaharty, 295 F.3d 182, 191 (2d Cir. 2002)(murder generally not a crime of dishonesty).  Here, the only apparent purpose to questioning Blatchly's personal conduct would be the impermissible one, namely to unfairly malign Blatchly's character in front of the jury by raising a specter of impropriety to which he and the government have no means of responding without engaging in an intrusive, irrelevant mini-trial on a prohibited specific act allegation.

Moreover, having (1) asked the question and received Blatchly's sworn denials, and (2) having received a more recent witness statement of Blatchly to the FBI showing there to have been no unethical conduct, defendant no longer has even a good-faith basis to ask questions related to Blatchly's marriage. See United States v. Whitmore, 359 F.3d 609, 621-622 (D.C. Cir. 2004) ("the general rule ... is that the questioner must be in possession of some facts which support a genuine belief that the witness committed the offense or the degrading act to which the question relates"). Accordingly, the government moves to preclude any reference to Blatchly's marriage.

## V.    PUNISHMENT

It is axiomatic that punishment is a matter for the Court, and may not be mentioned or referenced in any way before the jury. E.g., Third Cir. Crim. Jury Inst. 1.03, cmt. (if punishment is mentioned during the trial, then the judge should immediately instruct the jury that it is not to consider what possible punishment the defendant might face if convicted). Without belaboring the legal point, we note that defendant might attempt to argue that he has already been "punished enough" by his prior removal from judicial office. We therefore move in advance that defendant be prohibited from making that argument or from otherwise referencing any punishment he might face from this Court - including any reference to the affect on his law license - should he be convicted.

## VI.    PEN REGISTER

The government applied for and obtained a court order authorizing a pen register during this investigation. The pen register did not produce relevant evidence, and we did not derive any investigative leads from it. Evidence or argument regarding our use of that investigative

technique is irrelevant to any legitimate issue in this trial, and, pursuant to Fed.R.Evid. 401, the defendant should be precluded from mentioning or alluding to the pen register.

        Respectfully submitted,

        WILLIAM M. WELCH II
        CHIEF
        PUBLIC INTEGRITY SECTION

        <u>s/ M. Kendall Day</u>
        Richard C. Pilger, Senior Trial Attorney
        M. Kendall Day, Trial Attorney
        Public Integrity Section
        U.S. Department of Justice
        1400 New York Ave, NW Suite 12100
        Washington, DC 20005
        202-514-1412
        (F) 202-514-3003
        richard.pilger@usdoj.gov
        m.kendall.day@usdoj.gov

Date: July 27, 2009

## **CERTIFICATE OF SERVICE**

I, M. Kendall Day, certify that on July 27, 2009, electronic notice of the instant filing was served on the following persons via the CM-ECF system:

E. Stewart Jones, Jr., Esq.
bessetca@esjlaw.com
youngtr@esjlaw.com